# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SYNEEDA L. PENLAND, | : | |
| Petitioner, | : | Civil Action No.: 09-1417 (RMU) |
| v. | : | |
| RAYMOND E. MABUS,<br>Secretary of the Navy, | : | |
| Respondent. | : | |
| SYNEEDA L. PENLAND, | : | |
| Petitioner, | : | Civil Action No.: 09-1418 (RMU) |
| v. | : | |
| RAYMOND E. MABUS,<br>Secretary of the Navy, | : | |
| Respondent. | : | |

## MEMORANDUM OPINION

### DISMISSING THESE CASES WITHOUT PREJUDICE BASED ON
### THE PETITIONER'S FAILURE TO PROSECUTE

The petitioner commenced these actions on July 29, 2009. On May 19, 2010, after several months of inactivity in the case, the court issued an order directing the petitioner to show cause on or before May 24, 2010 why these cases should not be dismissed for failure to prosecute. Order (May 19, 2010). The petitioner has yet to file any response to the court's order.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370

U.S. 626, 629 (1962); *see also* FED. R. CIV. P. 41(b) (authorizing the involuntary dismissal of actions based on the plaintiff's failure to prosecute); LCvR 83.23 (providing that the court may dismiss a case *sua sponte* for failure to prosecute); *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C. Cir. 1981) (observing that "[i]f district court judges are to discharge their heavy responsibilities effectively, their power to dismiss . . . must be more than theoretical"). This Circuit has cautioned, however, that dismissal with prejudice for failure to prosecute is a "harsh sanction" reserved for "cases involving egregious conduct by particularly dilatory plaintiffs, after 'less dire alternatives' have been tried without success," *Noble v. U.S. Postal Serv.*, 71 Fed. Appx. 69, 69 (D.C. Cir. 2003) (citing *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 186-87 (D.C. Cir. 1985)).

In accordance with these principles, the court will not dismiss the case with prejudice, but will instead impose the less dire sanction of dismissal without prejudice based on the petitioner's failure to prosecute these actions or respond to the court's order to show cause. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of June, 2010.

                                                                RICARDO M. URBINA
                                                                United States District Judge